IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LASAE D. SPRAGGINS,  §<br>  §<br>  Plaintiff,  §<br>  §<br>v.  §<br>  §<br>JUDGE DON PIERSON,  §<br>  §<br>  Defendant.  § | Civil Action No. 4:25-cv-0320-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint that *pro se* plaintiff LaSae D. Spraggins ("Spraggins") filed March 24, 2025. ECF No. 1. Spraggins's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 2. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Spraggins's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**I.    BACKGROUND**

In her Complaint, Spraggins alleges that Judge Don Pierson, presiding judge of Tarrant County Court at Law Number One, violated her civil rights. ECF No. 1. She alleges that Judge Pierson engaged in conduct that includes "coaching the plaintiff in an eviction case, improperly issuing a writ of possession after a vacated judgment, and denying the plaintiff's request to stay the writ." *Id*. at 1. She further asserts that Judge Pierson "violated [her] rights to due process and equal protection under the Fourteenth Amendment." *Id*. Spraggins states that Judge Pierson's actions "were taken in his official capacity as judge," but she alleges further that "Judge Pierson acted outside his judicial capacity and exceeded the limits of his authority, thereby depriving [Spraggins] of [her] constitutional rights as a disabled *pro se* litigant." *Id*.

By Order dated April 1, 2025, the Court granted Spraggins's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 5), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 7.

## II. LEGAL STANDARD

### A. Screening under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)

The complaint of a plaintiff proceeding *in forma pauperis* is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. *Pro se* pleadings

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v.*

*Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Id.* In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Courts may also appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that the plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-*3 (N.D. Tex. 2001).

### C.   Judicial immunity

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity

"is not overcome by allegations of bad faith or malice and 'applies even when the judge is accused of acting maliciously and corruptly.'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles*, 502 U.S. at 11). It is overcome only by allegations that the judge's alleged misconduct is (1) "nonjudicial," meaning action "not taken in the judge's judicial capacity" or (2) "judicial in nature," yet "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Because judicial immunity serves "the need for independent and disinterested judicial decision-making," the "immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in the mind of some future judge that to take proper action might expose him to personal liability." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

### III. ANALYSIS

Liberally construed, Spraggins's Complaint relies solely on the actions or omissions of Judge Pierson in the course of his judicial duties. Spraggins provides very few facts to support her claims and merely asserts the conclusory proposition that Judge Pierson was acting outside of his judicial capacity and exceeded the limits of his authority. *See* ECF No. 1.

The United States Supreme Court has found that judges acting in the performance of their judicial duties are entitled to absolute immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). This absolute immunity applies to suits for damages resulting from any judicial act. *Mireles*, 502 U.S. at 11-12. Thus, absolute judicial immunity bars Spraggins's claims against Judge Pierson arising from actions that he took or declined to take in the course of his judicial duties.

The undersigned concludes that dismissal of Spraggins's Complaint should be without leave to amend. The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers the following: undue delay

in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982). Allowing Spraggins an opportunity to amend her Complaint would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile because judicial immunity bars her claims against Judge Pierson. No amount of amendment or revised pleadings would change the legal requirement that Judge Pierson is immune from claims that Spraggins brings against him based on rulings that he made or did not make in her state court eviction proceeding.

## IV.    CONCLUSION

Because Spraggins's Complaint fails to state a claim or a legal basis for recovery, and further amendment would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on April 22, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE